# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| **FedNat Insurance Company,** | ) | Case No.: **9:21-cv-1602-RMG** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| **Jenifer Gajdalo and Elizabeth Kulka,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION

1. The Plaintiff FedNat Insurance Company ("FedNat") is a wholly-owned subsidiary FedNat Holding Company, which is incorporated in Florida with its principal place of business in Sunrise, Florida.

2. On knowledge and belief, Defendant Jenifer Gajdalo is a citizen and resident of Beaufort County, South Carolina.

3. On knowledge and belief, Defendant Elizabeth Kulka is a citizen and resident of Beaufort County, South Carolina.

4. The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000), as a declaration is sought regarding coverage of a homeowners policy with a liability coverage limit of $300,000, and as Defendant Jenifer Gajdalo has filed a lawsuit seeking damages from Defendant Kulka for allegedly serious injuries caused by Defendant Kulka's dog.

5. This Court, therefore, has jurisdiction under 28 U.S.C. §1332.

6. There is jurisdiction for this declaratory action under 28 U.S.C. §2201.

7. Venue is proper in the Beaufort Division as the Defendants are residents of Beaufort County, South Carolina, the underlying lawsuit is pending in Beaufort County, South Carolina, and the incident is alleged to have occurred in Beaufort County, South Carolina.

## FACTS

8. Defendant Kulka was an insured under a homeowners insurance policy, number FNS200272300, issued by the Plaintiff and with a policy period running from August 2, 2018 through August 2, 2019. A copy of the certified policy is attached as Exhibit 1.

9. On or about March 17, 2021, Defendant Jenifer Gajdalo filed a complaint, case No. 2021CP0700490, against Elizabeth Kulka in the Beaufort County Court of Common Pleas alleging causes of action for negligence/gross negligence and strict liability and seeking damages for injuries caused when Ms. Kulka's dog, an Akita or Akita mix, allegedly attacked and bit Ms. Gajdalo. A copy of this complaint is attached as Exhibit 2.

10. Defendant Kulka's homeowners insurance policy includes an Dog Liability Endorsement, which states as follows:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **DOG LIABILITY ENDORSEMENT**
>
> **DEFINITIONS**
>
> The following definitions are added:
> 1. "Prohibited Breed of Dog" means one of the following:
>    a. Vicious canine regardless of breed, that any "insured" knows or should have known has attacked, bitten, or otherwise caused "bodily injury" to any person;
>    b. Akita;
>    
>    ...
>    o. Wolf or Wolf Hybrid;
>    p. Alaskan Malamute;
>    
>    …
>    s. Siberian Husky

…
t. Any breed of guard dog such as a Doberman Pinscher, German Shepherd
u. Any mix of the above breads [sic].

### SECTION II – LIABILITY COVERAGES

**A.** This insurance does not apply to "bodily injury" or "property damage" arising out of, caused by, or attributable to any dog owned by, or in the care, custody and control of any "insured" whether or not the injury occurred on the "insured premises" or any other location.

**B.** For an additional premium charge, coverage under Section II – Liability Coverages, Coverage E Personal Liability And Coverage F – Medical Payments To Others, will apply to "bodily injury" or "property damage" caused in whole or in part by any dog that is not a "prohibited breed of dog" owned by or in the care custody and control of an "insured", subject to all other exclusions and conditions of the policy.

11. The Complaint alleges bodily injury arising from an attack by a prohibited breed, Defendant Kulka's Akita or Akita mix.

12. As a result, FedNat seeks a declaration from the Court that it owes no duty to provide a defense or indemnity under its homeowners policy issued to Defendant Kulka in relation to the incident set forth in Defendant Gajdalo's complaint.

### FOR A FIRST DECLARATION

13. The allegations in paragraphs 1-12 above are realleged as though repeated verbatim herein.

14. Defendant Gajdalo's complaint alleges bodily injury arising out of an attack by a prohibited breed, identified in the complaint and in other sources as Defendant Kulka's dog Tahoe, which is an Akita or Akita mix or otherwise a prohibited breed.

15. Defendant Kulka's homeowners policy issued by FedNat specifically excludes coverage as to bodily injury or property damage caused by a prohibited breed, including an Akita or any mix of an Akita or other prohibited breed.

16. The FedNat homeowners policy issued to Defendant Kulka thus excludes coverage for the allegations contained in Defendant Gajdalo's complaint.

17. FedNat, therefore, respectfully requests that the Court declare that FedNat owes no duty to defend or indemnify Defendants under FedNat's homeowners policy issued to Defendant Kulka in relation to the incident set forth in Defendant Gajdalo's complaint.

**WHEREFORE**, Plaintiff prays the Court to issue declarations that:

(a) Plaintiff has no duty to indemnify Defendant Kulka in connection with the underlying action because coverage is validly excluded for the reasons set forth above;

(b) Plaintiff has no duty to defend Defendant Kulka in the underlying action because there is no possibility of coverage;

(c) For all attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Brandon R. Gottschall
Mark S. Barrow Fed. I.D. No. 1220
Brandon R. Gottschall Fed. I.D. No. 12201
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina

May 28, 2021