**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| FedNat Insurance Company, | ) | **Civil Action No. 9:21-cv-01602-RMG** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jenifer Gajdalo and Elizabeth Kulka, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **DEFENDANT ELIZABETH KULKA'S** |
| | ) | **ANSWER, COUNTERCLAIMS AND** |
| Elizabeth Kulka, | ) | **THIRD-PARTY COMPLAINT** |
| | ) | **[Jury Trial Demanded]** |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Belmont Insurance Services, LLC, | ) | |
| and Kathy Kinard, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**COMES NOW** Elizabeth Kulka, by and through her undersigned counsel, and hereby files her Answer, Counterclaims, and Third-Party Complaint in the above-captioned action as follows:

## NATURE OF SUIT

This is a dispute over insurance coverage under a homeowner's policy following a dog bite incident involving Elizabeth Kulka's dog who allegedly bit and injured Jenifer Gajdalo. Elizabeth Kulka (hereinafter "Kulka") purchased her homeowner's insurance and specifically demanded that her pets be covered under any policy, and this was confirmed by FedNat Insurance Company (hereinafter "FedNat") through its agent, Belmont Insurance Services, LLC,

1

(hereinafter "Belmont") and Kathy Kinard (hereinafter "Kinard"), an employee of Belmont Insurance Services, LLC.

FedNat Insurance Company instituted this action seeking a declaratory judgment to extinguish any insurance coverage for the subject event.

**FOR A FIRST DEFENSE**
**(General Denial)**

1.      Paragraphs 1-8 of Plaintiff's Complaint are admitted.

2.      Paragraph 9 of Plaintiff's Complaint is admitted, excluding the assertion that Kulka's dog was an Akita or an Akita mix, which is unknown, and therefore such assertion is denied, and strict proof is demanded thereof.

3.      Paragraphs 10 and 11 of Plaintiff's Complaint are admitted.

4.      Paragraph 12 of Plaintiff's Complaint is a statement of fact to which no response is required.

5.      Paragraphs 13 and 14 of Plaintiff's Complaint are denied, and strict proof is demanded thereof.

6.      Paragraph 15 of Plaintiff's Complaint is admitted.

7.      Paragraphs 16 and 17 of Plaintiff's Complaint are denied, and strict proof is demanded thereof.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

8.      All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

9.      The allegations set forth in the FedNat's Complaint fail to state a claim against Kulka, and therefore the same should be dismissed with costs.

## FOR A THIRD DEFENSE
### (Waiver, Estoppel and Laches)

10.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

11.    Any claims by the FedNat against Kulka are barred in equity by the maxim of laches, waiver or estoppel in that the Plaintiff has sat upon its rights.

12.    FedNat's claims may be barred in whole or in part by virtue of the doctrine of waiver, estoppel and/or laches.

## FOR A FOURTH DEFENSE
### (Justifiable/Detrimental Reliance)

13.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

14.    Kulka asserts as an affirmative defense that she acted in good faith and justifiably relied on representations of FedNat or it's agent in the procurement of the insurance policy at issue and the payment of premiums, and therefore she should be entitled to and receive the benefit of the coverage.

## FOR A FIFTH DEFENSE
### (Failure to Mitigate)

15.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

16.    FedNat's claims against Kulka may be barred in whole or in part by virtue of the fact that FedNat failed to mitigate its damages, if any they have in fact.

## FOR A SIXTH DEFENSE
### (Compliance)

17.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

18.    Kulka asserts as an affirmative defense that she paid all policy premiums so as to receive the benefits of the coverages provided thereunder.

19.    FedNat's claims may be barred in whole or in part by Kulka's compliance with the terms and conditions of the insurance policy at issue.

## FOR A SEVENTH DEFENSE
### (Statute of Limitations)

20.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

21.    FedNat's claims against Kulka may be barred by applicable statutes of limitations.

## FOR AN EIGHTH DEFENSE
### (Reservation of Rights to Plead Additional Defenses)

22.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

23.    Kulka reserves the right to raise additional defenses during or after the completion of discovery in this case.

## FOR A NINTH DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Fraud)

24.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

25.    FedNat made representations to Kulka about the insurability of her dog under her homeowner's policy.

4

26.    These representations were false and material.

27.    FedNat had knowledge that the representations were false.

28.    FedNat intended that it's representations be acted upon.

29.    Kulka was unaware that FedNat's above-described representations were false, and she had a right to rely upon them, and she did in fact rely upon them.

30.    Kulka suffered consequential and proximate injury.

31.    Kulka is entitled to receive actual and punitive damages as a result of the fraud of FedNat.

**FOR A TENTH DEFENSE**
**AND BY WAY OF COUNTERCLAIM**
**(Conversion)**

32.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

33.    FedNat misappropriated funds obtained from Kulka and routinely converted such funds to its own personal use without Kulka's knowledge or consent.

34.    Kulka had an ownership interest in the funds, and the funds were converted by FedNat for their own use.

35.    The use of Kulka's funds without recompense was, and is, without Kulka's permission.

36.    Kulka has incurred damages in the amount of the money converted, together with legal interest from the date of the conversion.

37.    The actions of FedNat in converting Kulka's funds were done recklessly and with conscious indifference to her rights, and therefore Kulka is entitled to an additional verdict for punitive damages.

**FOR AN ELEVENTH DEFENSE**
**AND BY WAY OF COUNTERCLAIM**
**(Breach of Contract)**

38.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

39.    The parties entered into a binding contract to provide insurance coverage for Kulka.

40.    FedNat have breached the contract unjustifiably.

41.    Kulka has suffered damages as a direct and proximate result of the breach.

42.    Kulka is entitled to a judgment to compensate her for the loss incurred as a result of the breach, as well as for special and consequential damages that flow as a natural consequence of the breach.

**FOR A TWELFTH DEFENSE**
**AND BY WAY OF COUNTERCLAIM**
**(Breach of Contract Accompanied by a Fraudulent Act)**

43.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

44.    FedNat acted with fraudulent intent relating to their breach of contract.

45.    FedNat committed fraudulent acts or acts characterized by dishonesty and unfair dealing.

46.    The fraudulent acts complained of include, but are not limited to, FedNat's dishonesty, along with other acts and omissions.

47.    Kulka suffered damages as a result of the breach of contract accompanied by a fraudulent act, and she seeks, and is entitled to, a judgment for the loss incurred and damages suffered or, in the alternative, a judgment for specific performance, as well as punitive damages.

## FOR A THIRTEENTH DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Negligence)

48.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

49.    FedNat owed a duty of due care and other duties.

50.    FedNat breached the duties owed to Kulka and were therefore negligent, grossly negligent, willful, wanton, needless, and careless.

51.    Kulka has sustained damages and losses as a direct and proximate result of FedNat's acts and omissions as aforesaid.

52.    As a result, Kulka is informed and believes that she is entitled to a judgment against FedNat for actual, consequential and punitive damages in an amount to be determined by the trier of fact.

53.    The injuries and damages sustained by Kulka were due to and caused by and were the direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts, omissions and conduct of FedNat in one or more of the following particulars:

    (a)    In failing to properly advise her;

    (b)    In failing to properly supervise Kathy Kinard;

    (c)    In the hiring of Kathy Kinard;

    (d)    In the retention of Kathy Kinard;

    (e)    In failing to adequately protect Kulka's monies;

    (f)    In conducting business in utter disregard for the well-being of it's clients/customers;

    (g)    In failing to exercise the degree of care existing then and there; and

(h)    In failing to act in a careful and prudent manner as any reasonable person would have acted in the same or similar circumstances,

all of which combined were the direct and proximate cause of Kulka's injuries and damages complained of herein.

## FOR A FOURTEENTH DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Negligent Misrepresentation)

54.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

55.    FedNat made false representations to Kulka regarding the existence of cover for any potential dog bite allegations.

56.    FedNat had a pecuniary interest in making these false representations.

57.    FedNat owed a duty of care to tell the truth to Kulka.

58.    FedNat breached that duty.

59.    Kulka justifiably relied on the representations of FedNat.

60.    Kulka suffered a pecuniary loss as a direct and proximate result of her reliance on FedNat's representations.

61.    Kulka is entitled to a judgment in an amount to compensate her for her damages as a direct result of FedNat's negligent misrepresentations.

## FOR A FIFTEENTH DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (South Carolina Unfair Trade Practices Act)

62.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

63.    FedNat's conduct as described above constitutes unfair or deceptive acts or practices in the conduct of trade or commerce.

64.    FedNat's conduct affects the public interest inasmuch as it is capable of repetition and have, upon information and belief, been repeated in other instances.

65.    As a direct and proximate result of FedNat's conduct, Kulka has sustained actual damages for which FedNat is liable.

66.    Given the willful and knowing nature of the FedNat's conduct, Kulka is entitled to an award against FedNat not only for actual damages, but also treble damages, attorney's fees, and costs pursuant to the South Carolina Unfair Trade Practices Act, South Carolina Code Ann.§ 39-5-10, *et seq.*(1976, as amended).

**FOR A SIXTEENTH DEFENSE**
**AND BY WAY OF COUNTERCLAIM**
**(Breach of Fiduciary Duties)**

67.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

68.    At all times relevant to this litigation, FedNat owed Kulka a fiduciary duty.

69.    FedNat recklessly, intentionally or negligently breached those duties on more than one occasion, and such breaches were the actual and proximate cause of harm to Kulka.

**FOR A SEVENTEENTH DEFENSE**
**AND BY WAY OF COUNTERCLAIM**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

70.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

71.    The promises made to Kulka by FedNat are cloaked with the duty of good faith and fair dealing.

72.    Kulka's reliance upon the promises made to her by FedNat was to her detriment, and, as a result, she suffered damages.

**FOR AN EIGHTEENTH DEFENSE
AND BY WAY OF COUNTERCLAIM**
**(Civil Conspiracy)**

73.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

74.    FedNat, Belmont and Kinard conspired with one another for the purpose of financially injuring Kulka.

75.    This conspiracy resulted in special damages being sustained by Kulka including, but not limited to, pecuniary losses.

76.    Kulka is entitled to recover for the loss sustained in an amount equal to her special damages.

**FOR A NINETEENTH DEFENSE
AND BY WAY OF COUNTERCLAIM**
**(Outrage)**

77.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

78.    The acts and omissions of FedNat intentionally and/or recklessly inflicted severe emotional distress upon Kulka.

79.    FedNat's conduct was so extreme and outrageous that it exceeded all possible balance of decency and was furthermore atrocious, and utterly intolerable in a civilized community.

80.    Kulka has suffered emotional distress so extreme that no reasonable person could be expected to endure it, and now seeks redress for the tort of outrage.

## FOR A TWENTIETH DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Money Had and Received)

81.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

82.    FedNat holds money.

83.    That money is owed to, or belongs to, Kulka.

84.    FedNat should, in equity and good conscience, pay the money to Kulka.

85.    Kulka is entitled to a return of the money at issue, plus interest.

## FOR A TWENTY-FIRST DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Unjust Enrichment)

86.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

87.    At all times relevant to this litigation, FedNat owed a legal duty to Kulka to not unfairly or unduly take advantage of her or commit wrongful acts in order to unjustly enrich itself at Kulka's expense.

88.    FedNat unjustly enriched itself by wrongfully converting, taking, utilizing or managing the monies and financial interests of Kulka.

89.    These acts and omissions leading to FedNat's unjust enrichment were the actual and proximate cause of harm to Kulka.

90.    Accordingly, FedNat is liable in damages to Kulka in an amount to be proven at trial arising out of unjust enrichment.

## FOR A TWENTY-SECOND DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Bad Faith)

91.     All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

92.     FedNat's acts and omissions as described above were violations of the covenant of good faith and fair dealing implicit in the policy and FedNat's duty to act in good faith toward Kulka.

93.     FedNat's conduct as described herein was negligent, reckless, willful, wanton, intentional, without justification, and in violation of the policy and applicable statues and laws.

94.     As a direct and proximate result of the conduct by FedNat as described above, Kulka has sustained actual damages for which FedNat should be liable.

95.     Due to the nature of their conduct, FedNat should be liable for actual and punitive damages in an amount to be determined by the trier of fact.

## FOR A TWENTY-THIRD DEFENSE
## AND BY WAY OF COUNTERCLAIM
### (Improper Claims Practices)

96.     All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

97.     FedNat had certain duties and obligations pursuant to and as provided in South Carolina Code Annotated §38-59-20, as amended, whereby FedNat must act in accordance with these duties and obligations in the handling of insurance claims, including the type of claim at issue in this action.

98.     FedNat has breached, failed to adhere to and/or conducted itself in such a manner so as to be in violation of the terms and practices outlined in §38-59-20 and are therefore conducting itself in a manner which constitutes improper claims practices.

99.     FedNat has acted in such a manner or failed to act in such a manner so as to violate §38-59-20, in that it has committed without just cause and performed with sufficient frequency such actions so as to constitute and indicate a general business practice all in the following particulars:

(a)     In not attempting in good faith to effect a prompt, fair, and equitable settlement of Kulka's and similarly situated individuals' claims when submitted to FedNat where the claim clearly falls within the coverage of the policy;

(b)     In compelling claimants such as Kulka and others similarly situated to institute lawsuits, such as this action, to recover amounts reasonably due to Kulka by virtue of FedNat's willful and wrongful refusal to reasonably provide coverage where the claim clearly falls within the coverage of the policy;

(c)     In engaging in claims practices with a reckless disregard for the rights and entitlements of others, and especially the rights and entitlements of Kulka; and

(d)     In failing to exercise that degree of care and good faith that a reasonable and prudent insurer would have exercised under the same or similar conditions.

100.     As a direct and proximate result of the foregoing actions and omissions of FedNat, Kulka has suffered in the past, and will, upon information and belief, continue to suffer in the future actual damage, consequential and punitive damages to be determined by a trier of fact.

101.     By reason of the foregoing, Kulka is entitled to a judgment against FedNat for actual, treble and punitive damages in an amount to be determined by a trier of fact, plus reasonable attorney's fees.

## THIRD PARTY COMPLAINT

## PARTIES, VENUE AND JURISDICTION

102.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

103.    Third Party Plaintiff Elizabeth Kulka (hereinafter "Kulka") is a citizen and resident of the Hilton Head Island, County of Beaufort, State of South Carolina.

104.    Upon information and belief, Third Party Defendant Belmont Insurance Services, LLC (hereinafter "Belmont") is a domestic limited liability company, organized and existing under the laws of the State of South Carolina, operating and doing substantial business in Beaufort County, South Carolina, with its principal place of business located at 1 Westbury Parkway, Suite 101, Bluffton, South Carolina.

105.    Upon information and belief, Third Party Defendant Kathy Kinard (hereinafter "Kinard") was Kulka's insurance agent and financial fudiciary at all times described, alleged or referenced in the Complaint.  Kinard was an authorized representative of FedNat and Belmont, assigned as an agent to service the account and insurance needs of Kulka.  Kinard was licensed to deal in the financial/insurance products of FedNat at all times alleged herein.  Kinard was an agent of FedNat and Belmont.

106.    Belmont and FedNat are liable for all actions of Kinard because, as a broker dealer, Belmont and FedNat had a duty to supervise registered representatives.  At all times and instances alleged herein, Kinard was a representative of FedNat and Belmont. FedNat and Belmont had a duty to supervise Kinard's activities with respect to its insurance products.

107.    Venue and jurisdiction are proper in this Honorable Court.

**FACTUAL ALLEGATIONS**

108.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

109.    Elizabeth Kulka formerly lived out of state, and she purchased a home in South Carolina.

110.    As part of obtaining her new residence, she sought out homeowner's insurance. Specifically, Kulka needed coverage for her dog named "Tahoe."  Tahoe was a mixed breed animal of unknown origins.

111.    Kulka was repeatedly advised, both verbally and in writing, that she had $300,000.00 in primary limits for dog attacks and, further, that her umbrella policy would cover any additional monetary damages for a dog attack (See Exhibit "A").

112.    Sometime thereafter, Jenifer Gajdalo was allegedly attacked by Tahoe.

113.    Jenifer Gajdalo instituted an action in the Beaufort County Court of Common Pleas for injuries sustained during the dog bite incident.

114.    Kulka reported the incident to her agent and carrier.

115.    FedNat is currently defending the underlying State Court action under a Reservation of Rights.

116.    Subsequently, FedNat filed this declaratory judgment action to deny, extinguish or limit its exposure in the Gajdalo case.

**FOR A FIRST CAUSE OF ACTION**
**(Bad Faith)**

117.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

118.    Belmont and Kinard's acts and omissions as described above were violations of the covenant of good faith and fair dealing implicit in the policy and Belmont and Kinard's duty to act in good faith toward Kulka.

119.    Belmont and Kinard's conduct as described herein was negligent, reckless, willful, wanton, intentional, without justification, and in violation of the policy and applicable statues and laws.

120.    As a direct and proximate result of the conduct by Belmont and Kinard as described above, Kulka has sustained actual damages for which Belmont and Kinard should be liable.

121.    Due to the nature of their conduct, Belmont and Kinard should be liable for actual and punitive damages in an amount to be determined by the trier of fact.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

122.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

123.    Belmont and Kinard sold a FedNat homeowner's policy of insurance to Kulka which was in effect at the time of the dog bite incident.

124.    The policy of insurance and its included insuring agreement constituted a contract between Kulka and FedNat and Belmont for which monetary compensation was paid in further consideration of providing insurance coverage.

125.    An event occurred whereby the policy at issue provided coverage in the form of insurance benefits; however, FedNat and Belmont refused to and continue to refuse to acknowledge and accept full coverage for the policy of insurance, and therefore, FedNat and Belmont have breached its agreement and contract with Kulka by wrongfully, willfully, and

intentionally failing to honor its contractual obligations under the policy of insurance at issue by refusing to provide full coverage herein.

126.    That as a result of the foregoing breach of contract on the part of FedNat and Belmont, Kulka has been damaged in the amount of benefits due by virtue of the coverage under the policy, and in the amount of the premiums paid by Kulka for the policy of insurance for which FedNat and Belmont  have refused to provide coverage pursuant to the clear and explicit terms thereof.

127.    Kulka is informed and believes, as a result of this breach of contract, she is entitled to a judgment against FedNat, Belmont and Kinard for actual and consequential damages in an amount to be determined by a trier of fact herein representing the monies and benefits rightfully due them pursuant to the terms of the policy herein as well as for an amount of money representing the amount of the premiums paid by Kulka.

### FOR A THIRD CAUSE OF ACTION
**(Breach of Contract Accompanied by a Fraudulent Act)**

128.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

129.    FedNat, Belmont and Kinard acted with fraudulent intent relating to their breach of contract.

130.    FedNat, Belmont and Kinard committed fraudulent acts or acts characterized by dishonesty and unfair dealing.

131.    The fraudulent acts complained of include, but are not limited to, FedNat, Belmont and Kinard's dishonesty, along with other acts and omissions.

132.    Kulka suffered damages as a result of the breach of contract accompanied by a fraudulent act, and she seeks, and is entitled to, a judgment for the loss incurred and damages suffered or, in the alternative, a judgment for specific performance, as well as punitive damages

### FOR A FOURTH CAUSE OF ACTION
**(Improper Claims Practices)**

133.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

134.    FedNat, Belmont and Kinard have certain duties and obligations pursuant to and as provided in South Carolina Code Annotated §38-59-20, as amended, whereby FedNat, Belmont and Kinard must act in accordance with these duties and obligations in the handling of insurance claims, including the type of claim at issue in this action.

135.    FedNat, Belmont and Kinard have breached, failed to adhere to and/or conducted themselves in such a manner so as to be in violation of the terms and practices outlined in §38-59-20 and are therefore conducting themselves in a manner which constitutes improper claims practices.

136.    FedNat, Belmont and Kinard have acted in such a manner or failed to act in such a manner so as to violate §38-59-20, in that they have committed without just cause and performed with sufficient frequency such actions so as to constitute and indicate a general business practice all in the following particulars:

> (a)    In not attempting in good faith to effect a prompt, fair, and equitable settlement of Kulka's and similarly situated individuals' claims when submitted to FedNat, Belmont and Kinard where the claim clearly falls within the coverage of the policy;

> (b)    In compelling claimants such as Kulka and others similarly situated to institute lawsuits, such as this action, to recover amounts reasonably due to Kulka by virtue of FedNat, Belmont and Kinard's willful and wrongful refusal to reasonably provide coverage where the claim clearly falls within the coverage of the policy;

(c)    In engaging in claims practices with a reckless disregard for the rights and entitlements of others, and especially the rights and entitlements of Kulka; and

(d)    In failing to exercise that degree of care and good faith that a reasonable and prudent insurer would have exercised under the same or similar conditions.

137.    As a direct and proximate result of the foregoing actions and omissions of FedNat, Belmont and Kinard, Kulka has suffered in the past, and will, upon information and belief, continue to suffer in the future actual damage, consequential and punitive damages to be determined by a trier of fact.

138.    By reason of the foregoing, Kulka is entitled to a judgment against FedNat, Belmont and Lexington for actual, treble and punitive damages in an amount to be determined by a trier of fact, plus reasonable attorney's fees.

### FOR A FIFTH CAUSE OF ACTION
#### (Negligent Misrepresentation)

139.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

140.    Belmont and Kinard falsely represented to Kulka that she had coverage and was protected in the event of an occurrence such as a dog bite incident but have failed and refused to pay the claim and have based this refusal on bogus, fraudulent or non-existent information.

141.    Belmont and Kinard had a pecuniary interest in making the statements that Kulka had purchased "full coverage" from FedNat, Belmont and Kinard to include dog bite coverage, and they received a financial benefit from the insurance purchased by Kulka.

142.    Belmont and Kinard owed a duty of care to see that truthful information was communicated to Kulka, and Belmont and Kulka breached that duty of care by failing to exercise due care regarding actual repair estimates.

143.    Kulka justifiably relied on Belmont and Kinard's representations.

144.    As a direct and proximate result of Kulka's reliance on Belmont and Kinard's representations, Kulka suffered a pecuniary loss.

145.    Kulka is informed and believes that she is entitled to a judgment against Belmont and Kinard for actual, consequential, and punitive damages as a result of their negligent misrepresentations.

## FOR A SIXTH CAUSE OF ACTION
### (Negligence)

146.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

147.    Belmont and Kinard entered into a contract with Kulka under which it provided insurance coverage for damages sustained by third parties who have claims against Kulka, in exchange for which Kulka made payment of premiums to FedNat, Belmont and Kinard.

148.    FedNat and Belmont owed a duty to Kulka to exercise due care and to duly, properly, and timely undertake to pay insurance coverage benefits to Kulka for the losses sustained.

149.    FedNat and Belmont breached these duties owed to Kulka, and was therefore negligent, grossly negligent, willful, wanton, needless, and careless in failing to provide the insurance coverage which Kulka paid for in a timely and proper manner and deliberately focusing its investigation on factual issues designed to provide it with a basis to deny or limit coverage rather than exercising good faith and fair dealing to protect the interests of the insured.

150.    Kulka has sustained damages and losses as a direct and proximate result of FedNat, Belmont and Kinard's acts and omissions as aforesaid.

151.    As a result, Kulka is informed and believes that she is entitled to a judgment against FedNat, Belmont and Kinard for actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

## FOR A SEVENTH CAUSE OF ACTION
### (Violation of South Carolina Unfair Trade Practices Act)

152.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

153.    FedNat, Belmont and Kinard's conduct as described above constitutes unfair or deceptive acts or practices in the conduct of trade or commerce.

154.    FedNat, Belmont and Kinard's conduct affects the public interest inasmuch as it is capable of repetition and have, upon information and belief, been repeated in other instances.

155.    As a direct and proximate result of FedNat, Belmont and Kinard's conduct, Kulka has sustained actual damages, for which FedNat, Belmont and Kinard are liable.

156.    Given the willful and knowing nature of FedNat, Belmont and Kinard's conduct, Kulka is entitled to an award against FedNat, Belmont and Kinard not only of actual damages, but also treble damages, attorney's fees, and costs pursuant to the South Carolina Unfair Trade Practices Act, South Carolina Code Ann. §39-5-10, *et seq.* (1976, as amended).

## FOR AN EIGHTH CAUSE OF ACTION
### (Fraud)

157.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

158.    Belmont and Kinard misrepresented to Kulka that they would provide coverage for losses sustained as a result of dog bite incidents, whereas Belmont and Kinard did not have

the intent, at the time the representations were made, to provide the promised coverage and intentionally told Kulka falsehoods about the methodology of computing their losses.

159.    Belmont and Kinard's representations were false, material, and made with the knowledge that Kulka would have no other way of knowing this fact, and with intent or reckless disregard of their falsity.

160.    Belmont and Kinard intended that Kulka would rely upon these misrepresentations and act upon same.

161.    Kulka was ignorant of the falsity of Belmont and Kinard's misrepresentations, had the right to rely upon the matters stated by Belmont and Kinard, and, in fact, did rely upon the truth of these representations.

162.    As a direct and proximate result of the foregoing, Kulka has suffered injury and damage in the form of and in the amount of the benefits due to them under the Policy.

163.    By virtue of these said acts on the part of Belmont and Kinard, Kulka is informed and believes that she is entitled to a judgment against Belmont and Kinard in the amount of actual, consequential and punitive damages to be determined by a trier of fact.

### FOR A NINTH CAUSE OF ACTION
**(Conversion)**

164.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

165.    FedNat, Belmont and Kinard misappropriated funds obtained from Kulka and routinely converted such funds to its own personal use without Kulka's knowledge or consent.

166.    Kulka had an ownership interest in the funds, and the funds were converted by FedNat, Belmont and Kinard for their own use.

167.    The use of Kulka's funds without recompense was, and is, without Kulka's permission.

168.    Kulka has incurred damages in the amount of the money converted, together with legal interest from the date of the conversion.

169.    The actions of FedNat, Belmont and Kinard in converting Kulka's funds were done recklessly and with conscious indifference to her rights, and therefore Kulka is entitled to an additional verdict for punitive damages.

## FOR A TENTH CAUSE OF ACTION
### (Breach of Fiduciary Duties)

170.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

171.    At all times relevant to this litigation, FedNat, Belmont and Kinard owed Kulka a fiduciary duty.

172.    FedNat, Belmont and Kinard recklessly, intentionally or negligently breached those duties on more than one occasion, and such breaches were the actual and proximate cause of harm to Kulka.

## FOR AN ELEVENTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

173.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

174.    The promises made to Kulka by FedNat, Belmont and Kinard are cloaked with the duty of good faith and fair dealing.

175.    Kulka's reliance upon the promises made to her by FedNat, Belmont and Kinard was to her detriment, and, as a result, she suffered damages.

**FOR A TWELFTH CAUSE OF ACTION**
**(Civil Conspiracy)**

176.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

177.    FedNat, Belmont and Kinard conspired with one another for the purpose of financially injuring Kulka.

178.    This conspiracy resulted in special damages being sustained by Kulka including, but not limited to, pecuniary losses.

179.    Kulka is entitled to recover for the loss sustained in an amount equal to her special damages.

**FOR A THIRTEENTH CAUSE OF ACTION**
**(Outrage)**

180.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

181.    The acts and omissions of FedNat, Belmont and Kinard intentionally and/or recklessly inflicted severe emotional distress upon Kulka.

182.    FedNat, Belmont and Kinard's conduct was so extreme and outrageous that it exceeded all possible balance of decency and was furthermore atrocious, and utterly intolerable in a civilized community.

183.    Kulka has suffered emotional distress so extreme that no reasonable person could be expected to endure it, and now seeks redress for the tort of outrage

**FOR A FOURTEENTH CAUSE OF ACTION**
**(Money Had and Received)**

184.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

185.    FedNat, Belmont and Kinard holds money.

186.    That money is owed to, or belongs to, Kulka.

187.    FedNat, Belmont and Kinard should, in equity and good conscience, pay the money to Kulka.

188.    Kulka is entitled to a return of the money at issue, plus interest.

### FOR A FIFTEENTH CAUSE OF ACTION
**(Unjust Enrichment)**

189.    All preceding allegations are herewith re-alleged and restated as if repeated herein verbatim.

190.    At all times relevant to this litigation, FedNat, Belmont and Kinard owed a legal duty to Kulka to not unfairly or unduly take advantage of her or commit wrongful acts in order to unjustly enrich themselves at the Kulka's expense.

191.    FedNat, Belmont and Kinard unjustly enriched themselves by wrongfully converting, taking, utilizing or managing the monies and financial interests of Kulka.

192.    These acts and omissions leading to FedNat, Belmont and Kinard's unjust enrichment were the actual and proximate cause of harm to Kulka.

193.    Accordingly, FedNat, Belmont and Kinard are liable in damages to Kulka in an amount to be proven at trial arising out of unjust enrichment.

**WHEREFORE,** having fully answered Plaintiff FedNat Insurance Company's Complaint, asserting counterclaims against FedNat Insurance Company, and complaining against the Third-Party Defendants Belmont Insurance Services, LLC and Kathy Kinard, Elizabeth Kulka prays of this Honorable Court the following:

(a)    Dismiss FedNat Insurance Company's Complaint and for all costs in defending same;

(b)    Judgment against FedNat Insurance Company on the Counterclaims;

(c)    Judgment against the Third-Party Defendants for actual, consequential, and punitive damages, treble damages, and attorney's fees and costs in an amount to be determined by a trier of fact for all causes of action as allowed by law and statute;

(d)    For a trial by a jury; and

(e)    For such other and further relief as this Honorable Court deems appropriate and proper.

**AKINS LAW FIRM, LLC**

By:    /s/ *Dale Akins*_____
        Fed. ID No. 05641
        Post Office Box 1547
        Bluffton, South Carolina  29910
        Telephone:    (843)757-7574
        Facsimile:    (843)757-7601
        Email:        dakins@hargray.com

**Attorney for Defendant and**
**Third-Party Plaintiff Elizabeth Kulka**

Bluffton, South Carolina
August 2, 2021