# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| **FedNat Insurance Company,** | ) | Case No.: 9:21-cv-1602-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Jenifer Gajdalo and Elizabeth Kulka,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | **PLAINTIFF'S ANSWER TO** |
| | ) | **DEFENDANT ELIZABETH KULKA'S** |
| **Elizabeth Kulka,** | ) | **COUNTERCLAIMS AND THIRD-PARTY** |
| | ) | **COMPLAINT** |
| Third-Party Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Belmont Insurance Services, LLC, and Kathy Kinard,** | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**COMES NOW,** the Plaintiff, by and through its undersigned attorneys, answering the Counterclaims and Third-Party Complaint of Defendant Elizabeth Kulka, would allege and show unto the Court:

## FOR A FIRST DEFENSE

1. Each and every allegation of the Defendant's counterclaims not specifically admitted herein is denied.

2. The allegations contained under Defendant's heading "**NATURE OF SUIT**" are denied as stated, and Defendant specifically denies any allegations that it confirmed coverage to

Ms. Kulka regarding her pets. Defendant further specifically denies allegations that Belmont Insurance Services, LLC is FedNat's agent and allegations that Kathy Kinard is in anyway an agent or employee of FedNat. FedNat admits that it has instituted a declaratory judgment action seeking a declaration that FedNat homeowner's policy issued to Ms. Kulka does not provide coverage. Any remaining allegations set forth under the "**NATURE OF SUIT**" heading are denied.

3. Upon information and belief, the allegations contained in Paragraphs 1-23 of Defendant Kulka's Answer, Counterclaim and Third-Party Complaint constitute Defendant Kulka's Answer to the Plaintiff's Complaint and therefore no response is required. To the extent a response is required, Plaintiff denies any allegations that may be construed against it.

4. As to Paragraph 24, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

5. Paragraphs 25 through 31 are denied.

6. As to Paragraph 32, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

7. Paragraphs 33 through 37 are denied.

8. As to Paragraph 38, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

9. Paragraphs 39 through 42 are denied.

10. As to Paragraph 43, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

11. Paragraphs 44 through 47 are denied.

12. As to Paragraph 48, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

13. Upon information and belief, Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, this paragraph is denied as stated.

14. Paragraphs 50 through 53 and all subparts are denied.

15. As to Paragraph 54, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

16. Paragraphs 55 through 61 are denied.

17. As to Paragraph 62, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

18. Paragraphs 63 through 66 are denied.

17. As to Paragraph 67, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

18. Upon information and belief, Paragraph 68 states a legal conclusion reserved to the discretion of the Court. To the extent a response is required, this paragraph is denied as stated.

19. Paragraph 69 is denied.

20. As to Paragraph 70, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

21. Upon information and belief, Paragraph 71 states a legal conclusion reserved to which no response is required. To the extent a response is required, this paragraph is denied as stated.

22. Paragraph 72 is denied.

23. As to Paragraph 73, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

24. Paragraphs 74 through 76 are denied.

25. As to Paragraph 77, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

26. Paragraphs 78 through 80 are denied.

27. As to Paragraph 81, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

28. Paragraphs 82 through 85 are denied.

29. As to Paragraph 86, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

30. Upon information and belief, Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, this paragraph is denied as stated.

31. Paragraphs 88 through 90 are denied.

32. As to Paragraph 91, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

33. Paragraphs 92 through 95 are denied.

34. As to Paragraph 96, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

35. Upon information and belief, Paragraph 97 states a legal conclusion reserved which no response is required. To the extent a response is required, this paragraph is denied as stated.

36. Paragraphs 98 through 101 are denied.

37. As to Paragraph 102, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

38. Paragraph 103 is admitted, upon information and belief.

39. Plaintiff is without sufficient information to admit or deny Paragraph 104 and thereby denies the same.

40. Paragraph 105 is denied.

41. The allegations of Paragraph 106 against FedNat are denied. Plaintiff is without sufficient information to admit or deny the allegations in Paragraph 106 against Belmont and Kinard and thereby denies the same.

42. Paragraph 107 is admitted.

43. As to Paragraph 108, no response is required. To the extent that a response is required, Plaintiff denies any allegations that may be construed against it.

44. Plaintiff is without sufficient information to admit or deny Paragraph 109 and thereby denies the same.

45. As to Paragraph 110, Plaintiff lacks sufficient information to admit or deny the allegations regarding Ms. Kulka's efforts to obtain a new residence, to obtain homeowner's insurance, and her stated needs regarding coverage for Tahoe, and Plaintiff therefore denies these allegations. The remaining allegations are denied.

46. As to Paragraph 111, denies this paragraph to the extent that it contains allegations against FedNat. Plainitff lacks sufficient information and belief regarding any advice from any other parties, and thereby denies the same.

47. Paragraph 112 is admitted upon information and belief.

48. Paragraph 113 is admitted.

49. Lacks sufficient information regarding paragraph 114 and thereby denies the same.

50. Paragraph 115 is admitted.

51. Paragraph 116 is denied as stated. Admits that FedNat filed a declaratory judgment action seek a declaration regarding coverage under FedNat's homeowner's policy.

52. Regarding paragraphs 117 through 193, it appears Ms. Kulka purports to allege a third-party complaint and claims against Belmont Insurance Services, LLC and Kathy Kinard. Further, Paragraphs 117 through 193 do not appear to allege any new cause of action against FedNate. Nonetheless, these paragraphs contain references to FedNat, and FedNat denies all allegations against it in Paragraphs 117 through 193. To the extent the paragraphs contain allegations against Belmont Insurance Services, LLC and Kathy Kindard, no response is required from FedNat. To the extent a response is required, the allegations in these paragraphs are denied.

53. Any allegations in the "wherefore" paragraph and its subparts that may be construed against this Plaintiff is denied.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

54. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

55. The Plaintiff would show that the Defendant's Counterclaim and Third-Party Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Waiver and Estoppel)

56. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

57. The Plaintiff would show that the Defendant's Counterclaim and Third-Party Complaint is barred by the doctrine of waiver and estoppel.

## FOR A FOURTH DEFENSE
### (Laches)

58. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

59. Defendant's claims are barred by one or more of the doctrines of laches.

## FOR A FIFTH DEFENSE
### (Unclean Hands)

60. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

61. The Plaintiff would show, upon information and belief, that Defendant's claims are barred by the doctrine of unclean hands.

## FOR A SIXTH DEFENSE
### (Policy)

62. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

63. The Plaintiff craves referenced to any and all insurance policies applicable hereto and such terms and conditions as contained therein.

64. Plaintiff has reasonable grounds for contesting coverage in this case based upon the insurance contract between Defendant and the named Insured, including applicable policy provisions, coverages and exclusions.

## FOR A SEVENTH DEFENSE
### (Reservation of Rights)

65. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

66. The Plaintiff reserves any and all defenses and rights it may have under the Policy and/or governing law and as may be revealed during the course of this litigation.

## FOR AN EIGHTH DEFENSE
### (Punitive Damages)

67. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

68. To the extent Defendant Kulka alleges any claim for punitive damages, such claim violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

69. Any claim by Defendant for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

70. Any claim by Defendant for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

71. Any claim by Defendant for punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

72. Plaintiff would show, upon information and belief, that any claim by Defendant for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Plaintiff could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Plaintiff can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Defendant's claim for punitive damages violates Plaintiff's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Plaintiff's exercise of that right; the Defendant's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Defendant's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly

vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Defendant's claim for punitive damages should be dismissed.

73. Plaintiff pleads all applicable statutory caps on punitive damages including but not limited to the caps described in S.C. Code Ann. § 15-32-530, et seq., as amended.

## FOR A NINTH DEFENSE
### (Lack of Coverage)

74. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

75. There is and was no coverage for the claims made against Defendant Kulka in the underlying lawsuit pursuant to the policy or policies issued by Plaintiff.

## FOR A TENTH DEFENSE
### (Policy Exclusions)

76. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

77. Defendant's claims are barred based on applicable exclusions within the policy or policies issued by Plaintiff.

## FOR A TWELFTH DEFENSE
### (Reservation and Incorporation of Defenses)

78. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

79. Plaintiff reserves the right to assert any affirmative defense plead by any other party to this action and to assert any other defense that may be revealed by additional information acquired in discovery or otherwise. Plaintiff further incorporates the defenses pled by any other party to this action to the extent such defenses are consistent with Plaintiff's defense of this action.

**WHEREFORE**, having fully answered Defendant's Counterclaim and asserted affirmative defenses, Plaintiff respectfully requests that the Court:

A. Grant the relief sought by Plaintiff's Complaint;

B. Deny Defendant Kulka's causes of action;

C. That Plaintiff be awarded its costs and fees, including attorneys fees, in relation to this action; and

D. Grant such other relief as the Court may deem just and equitable.

        Respectfully submitted,

        **SWEENY, WINGATE & BARROW, P.A.**

        s/Brandon R. Gottschall
        Mark S. Barrow Fed. I.D. No. 1220
        Brandon R. Gottschall Fed. I.D. No. 12201
        Sweeny, Wingate & Barrow, P.A.
        Post Office Box 12129
        Columbia, SC 29211
        (803) 256-2233

        **ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina

August 12, 2021