# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| FedNat Insurance Company, | Case No. 9:21-cv-01602-RMG |
| Plaintiff, | |
| vs. | |
| Jenifer Gajdalo and Elizabeth Kulka, | **ANSWERS TO LOCAL RULE 26.01 OF THIRD-PARTY DEFENDANT BELMONT INSURANCE SERVICES, LLC** |
| Defendants. | |
| Elizabeth Kulka | |
| Third-Party Plaintiff, | |
| vs. | |
| Belmont Insurance Services, LLC, and Kathy Kinard, | |
| Third-Party Defendants. | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Civil Rule 26.01, DSC, Third-Party Defendant, Belmont Insurance Services, LLC, makes the following disclosure statement:

A. State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER: None known at this time.**

B. As to each claim, state whether it should be tried by jury or nonjury and why.

**ANSWER: One or more parties have requested a jury trial as to non-equitable causes of action; equitable claims should be determined by the court.**

C. State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER: Belmont Insurance Services, LLC is not a publically-owned company.**

D. State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civil Rule 3.01 D.S.C.

**ANSWER: Third-Party Defendant does not object to filing in the Beaufort division.**

E. Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER: Third-Party Defendant is not aware that this action is related in whole or in part to any other matter filed in this District.**

F. If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: Third-Party Defendant does not contend that it is improperly identified.**

G. If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER: Third-Party Defendant is not currently aware that any other person or legal entity is liable to Third-Party Defendant.**

*s/ Susan Taylor Wall*
Susan Taylor Wall (Fed. ID No. 4502)
Email: swall@grsm.com
Henry W. Frampton, IV (Fed. ID 10365)
Email: hframpton@grsm.com
GORDON & REES LLP
40 Calhoun Street, Suite 350
Charleston, SC 29401
Telephone: (843) 714-2506

*ATTORNEYS FOR THIRD-PARTY DEFENDANTS BELMONT INSURANCE SERVICES, LLC and KATHY KINARD*

September 13, 2021

Charleston, South Carolina